# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JIM L. NUNGESSER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-1285-WEB |
| ) | |
| **JOSH M. BRYANT,** ) | |
| ) | |
| **Defendant/** ) | |
| **Third-Party Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **EMCASCO INSURANCE COMPANY,** ) | |
| ) | |
| **Third-Party Defendant.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Coventry Health Care of Kansas, Inc. ("Coventry") to "intervene in this action as a neutral, undesignated party for the limited purpose of protecting its lien in the final judgment or settlement of the matter." (Doc. 30). Third-party plaintiff Bryant and third-party defendant EMCASCO oppose the motion. For the reasons set forth below, the motion shall be GRANTED.

**Background**

The genesis of this case is a vehicle accident.[1] Highly summarized, plaintiff Nungesser and defendant Bryant were involved in a vehicle accident resulting in serious injuries to Nungesser in July 2002. Nungesser sued Bryant for negligence and the two settled the case for two million dollars with an agreement that Nungesser would not seek to execute on the agreed judgment against Bryant personally. The settlement also granted Nungesser a partial assignment of Bryant's claims against EMCASCO, Bryant's insurer. Bryant now asserts a third-party complaint against EMCASCO for negligence and bad faith in failing to settle Nungesser's lawsuit for the $300,000 policy limit.

**Motion to Intervene (Doc. 30)**

Coventry moves to intervene to protect its subrogation rights. Coventry alleges that it is an insurance company authorized to conduct business in Kansas and that Nungesser was a beneficiary of Coventry's healthcare plan (the "Plan"). Pursuant to the Plan, Coventry has subrogation rights for medical benefits paid by it on behalf of plan participants.

Coventry asserts that the Plan paid healthcare benefits to Nungesser related to the accident in the amount of $190,122.02. Because of this payment, Coventry seeks "limited" intervention to protect its lien on any recovery paid for Mr. Nungesser's healthcare services.

---

[1] The lengthy and complex procedural history of this case was described in detail in a prior opinion and will not be repeated except as necessary for context related to Coventry's motion to intervene. See, Memorandum and Order, Doc. 18, Filed Dec. 7, 2007.

EMCASCO and Bryant oppose the motion, arguing that the third-party complaint is a dispute between EMCASCO and Bryant and that Coventry is, at best, "a creditor of a creditor" of Bryant and that intervention is not appropriate. EMCASCO and Bryant also argue that they have agreed to the dismissal of Nungesser from this case "without prejudice." As explained in greater detail below, the court is satisfied that Coventry's intervention for the limited purpose of protecting its subrogation rights is appropriate.

Contrary to EMCASCO and Bryant's arguments, Coventry is more than "a creditor of a creditor." In addition to express subrogation rights under the Plan, Coventry and Nungesser entered into a settlement agreement in December 2004 which granted Coventry specified percentages of any future recovery by Mr. Nungesser. In July 2007, Nungesser, Bryant, and EMCASCO entered into an agreement allowing Bryant to confess judgment to Nungesser in the amount of two million dollars. The July 2007 settlement also included a covenant not to execute against Bryant personally but preserved Bryant's rights against EMCASCO. Bryant alleges in his third-party complaint that he "is entitled to a judgment obligating EMCASCO to pay all sums Bryant is legally liable to pay Nungesser as a consequence of the judgment that has been entered against Bryant." Under the circumstances, any settlement or judgment in the third-party action will directly benefit Nungesser.[2]

---

[2] Nungesser's direct interest in the third-party complaint is illustrated by the revelation at the April 17, 2008 conference that Nungesser's counsel anticipated entering an appearance on behalf of Bryant in the near future and handling the third-party complaint.

-3-

Fed. Rule Civ. P. 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Accordingly, intervention *must* be granted under rule 24(a)(2) if (1) the motion is timely filed, (2) an interest is claimed in the transaction that is the subject of the action, and (3) disposition may impair or impede Coventry's ability to protect its interest.

The court is satisfied that Coventry's motion is timely because intervention (1) causes no prejudice to the parties already in the case and (2) allows Coventry to protect its subrogation rights. The court is also satisfied that Coventry asserts an interest in a judgment or settlement between Bryant with EMCASCO. Finally, disposition of the third-party action between Bryant and EMCASCO may impair or impede Coventry's ability to protect its claimed interest, depending on the terms of any settlement agreement or judgment. See e.g., Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356 (2006)(recognizing ERISA fiduciary's right to recover medical expenses from beneficiary's settlement of vehicle accident claim). For example, a distribution of any settlement that does not include a payment to Coventry obviously impairs or impedes Coventry's ability to collect on its lien. Accordingly, Coventry's motion to intervene shall be granted for the limited purposes of protecting its subrogation rights.

**IT IS THEREFORE ORDERED** that Coventry's motion to intervene for the limited purpose of protecting its subrogation rights **(Doc. 30)** is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of May 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge