# AFFIDAVIT OF JACOB S. GRAYBILL

| | |
|---|---|
| STATE OF KANSAS | ) |
| | ) |
| COUNTY OF SEDGWICK | ) |

Jacob S. Graybill, being of lawful age, personally appears, being first duly sworn, and on personal knowledge states as follows:

1. The following facts are known to me to be true, of my own knowledge. I am over the age of 18 and competent to testify to such facts; and I would so testify if I appeared in Court or in any other proceeding as a witness.

2. At the time of my deposition on June 5, 2008, I could not recall the specifics of my activities between January 1 and January 21 more than five years prior. Since my deposition was taken, a review of available file material reveals that I drafted two letters to Charles Millsap dated January 15, 2003 and January 16, 2003, respectively; I participated in a phone conference with David Crockett and Millsap on January 20, 2003; and I worked on a 34-page Petition against Wesley Medical Center that was intertwined with Jim Nungesser's lawsuit against Josh Bryant.

3. In the course of litigation in U.S. District of Kansas Case No. 03-CV-04174-SAC. EMCASCO threatened to deplete the funds available to Bryant to satisfy Nungesser's claim against him by seeking recovery of an attorney's fee to be paid out of the $300,000 policy limit it deposited with the clerk of the court.

4. At the time Russell Hazlewood and I agreed to represent Josh Bryant in the prior state court proceedings, a jury trial had been scheduled to begin January 11, 2005, to resolve Bryant's third party claims against EMCASCO.

5. Before agreeing to dual representation of Nungesser and Bryant, Mr. Hazlewood and I obtained appropriate written conflict waivers from Nungesser and Bryant, who each consulted with their own personal counsel as necessary to give informed consent. Nungesser and Bryant each retained independent counsel to represent their respective interests in the event a conflict arose.

6. With respect to Nungesser's outstanding unsatisfied judgment against Bryant, Nungesser has covenanted not to execute on Bryant's wages or property, except his rights against EMCASCO, if and so long as Bryant diligently prosecutes his claims in this action and on appeal.

_____
Jacob S. Graybill

SUBSCRIBED AND SWORN TO before me this 22nd day of January, 2009.

_____
Notary Public

My appointment Expires:



DIANE E. VANSICKLE
MY COMMISSION EXPIRES
February 15, 2012